IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,110-01






EX PARTE FELIX GALDAMEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W95-47420-J(A) IN THE CRIMINAL DISTRICT COURT #3


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to unlawfully
carrying a weapon in a tavern, and originally received deferred adjudication community supervision. 
His guilt was later adjudicated, and he was sentenced to two years' imprisonment. He did not
appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel did
not advise him of the immigration and deportation consequences of his guilty plea in this case. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. 
Specifically, counsel shall state what advice, if any, he gave to Applicant regarding the immigration/
deportation consequences of his plea in this case. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the plea documents in
this case, including the admonishments, waivers and stipulations, and any written plea agreement. 
The trial court shall make findings of fact and conclusions of law as to what specific advice
Applicant was given with regard to the immigration consequences of his plea in this case, and as to
whether that advice was accurate. The trial court shall make findings as to whether the performance
of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 12, 2012

Do not publish